UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAMERINO CORONA ACOSTA,

Petitioner,

v.

WARDEN CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

Case No. 1:26-cv-04792-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENTS' MOTION TO DISMISS IN PART, DENY PETITION IN PART, AND DISMISS ANY CHALLENGE TO THE INDIVIDUAL BOND DETERMINATION WITHOUT PREJUDICE[1]

(Doc. 1, 10)

FOURTEEN (14) DAY OBJECTION PERIOD

Petitioner Camerino Corona Acosta, an immigration detainee proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). He challenges his continued detention under 8 U.S.C. § 1226(a) as unreasonably prolonged in violation of his Fifth Amendment due process rights, and the bond determination as not adequately accounting for evidence supporting release. (Doc. 1 at 4-5). He requests immediate release. (*Id.* at 6).

////

////

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Respondents move to dismiss arguing that Petitioner failed to exhaust administrative remedies and, alternatively, after applying the factors in *Mathews v. Eldridge*, 424 U.S. 319 (1976), he received constitutionally adequate process. (Doc. 10). In reply, Petitioner states that he challenges the prolonged duration of his detention, not the immigration judge's discretionary bond determination. (Doc. 14).

For the reasons below, the undersigned recommends denying the substantive and procedural due process claims on the present record. To the extent that Petition also presents an otherwise reviewable challenge to the individual bond determination, the undersigned recommends dismissing that claim without prejudice for failure to exhaust administrative remedies.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. According to the record described in his earlier habeas proceedings, he entered the United States without inspection on an unknown date and has resided here approximately twelve years. (*See* Case No. 1:26-cv-02079-JLT-HBK, at Docs. 1 at 2-3, 8-1 at 1). He has been detained since January 27, 2026. (Doc. 1 at 3). On February 22, 2026, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) (alien entry without inspection) and U.S.C. § 1182(a)(7)(A)(i)(I) (alien not in possession of valid entry document). (Case No. 1:26-cv-02079-JLT-HBK at Doc. 8-1).

Petitioner filed his first habeas petition on March 16, 2026. (*Id*. at Doc. 1). On May 20, 2026, the undersigned recommended finding his detention was governed by § 1226(a), rather than § 1225(b)(2)(A), and granting relief. (*Id*. at Doc. 13). On May 27, 2026, the district judge adopted the findings and recommendations and directed Respondents to, *inter alia*, to provide a bond hearing under § 1226(a). (*Id*. at Doc. 15).

Petitioner subsequently received a bond hearing before an immigration judge ("IJ"), at which he was represented by counsel. In an order dated June 3, 2026, the IJ denied bond, finding Petitioner "to be a significant flight risk." (Doc. 10-1). The Court does not infer from the date of the written order that the hearing occurred on that same date. Although Petitioner reserved the

right to appeal, the record does not show he appealed to the Board of Immigration Appeals (BIA).

Petitioner filed this Petition on June 23, 2026. (Doc. 1). He also moved for a temporary restraining order. (Doc. 2). The district judge denied that motion as untimely on June 29, 2026, and referred the Petition for consideration on the merits to the undersigned. (Doc. 11).

On September 17, 2026, Respondents moved to dissolve the no-transfer order to facilitate Petitioner's proposed voluntary departure. (Doc. 15). After the Court directed a response, Petitioner clarified that he did not wish to withdraw his Petition and proceed with voluntary departure. (Docs. 6, 17). Pursuant to the September 22, 2026 Order, the undersigned proceeds to consider the merits of the Petition. Petitioner remains in ICE custody at the California City Detention Facility in California City, California. (Doc. 1 at 1).

## II. APPLICABLE LAW

### A. Habeas Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As relevant here, "district courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

### B. Detention under 8 U.S.C. § 1226(a)

Section 1226(a) authorizes arrest and detention pending a decision on removal and permits release on bond or conditional parole. *Rodriguez Diaz v. Garland*, 53 F.4th at 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). A detainee may seek an initial custody redetermination before an IJ and ordinarily bears the burden of establishing that release is warranted. *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *Matter of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). A detainee may appeal an adverse custody determination to the BIA and may seek a subsequent redetermination upon a showing of materially changed circumstances. *Rogriguez Diaz*, 53 F.4th at 1197; 8 C.F.R. § 236.1(d)(1), 1003.19(e).

In *Jennings*, the Supreme Court held that § 1226(a) does not require periodic bond hearings or require the government to justify continued detention by clear and convincing evidence. 583 U.S.C. at 306. The Court remanded for consideration of the constitutional claims. *Id*. at 312.

If a noncitizen is released under § 1226(a), the government may revoke bond or conditional parole and rearrest the noncitizen "at any time," but courts have held that rearrest must comply with constitutional constraints and generally requires a change in circumstances. *M.R.R. v. Chestnut*, 2025 WL 3265446, at *3 (E.D. Cal. Nov. 24, 2025) (internal citations omitted); *Martinez Hernandez v. Andrews*, 2025 WL 2495756, at *10 (E.D. Cal. Aug. 28, 2025) (while allowing for rearrest at any time, "this does not mean that DHS may exercise its discretion in a manner that is inconsistent with constitutional requirements.").

C. Due Process

The Fifth Amendment protects persons within the United States, including noncitizens, from deprivation of liberty without due process of law. *Trump v. J.G.G*., 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993)*; Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The protections required depend on the individual's immigration status and circumstances. *Zadvydas*, 533 U.S. at 693 ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."). Once noncitizens enter the country, even unlawfully, due process generally requires some form of hearing before the government deprives a person of liberty. *Id*.; *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission ... and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'*"); see also Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Substantive due process limits civil detention that is punitive or excessive in relation to regulatory purpose. *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021). Procedural due process addresses the adequacy of the procedures used to justify detention. In assessing the

procedural protections required in the circumstances addressed here, the Court considers the private interest affected, the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards, and the government's interests and burdens of additional procedures of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Rodriguez Diaz*, 53 F.4th at 1206-14.

## III. ANALYSIS

### A. Scope of Petition

The Petition refers to both prolonged detention and to the IJ's treatment of evidence supporting release. (Doc. 1 at 4-5). The reply, however, expressly characterizes the claim as a constitutional challenge to prolonged detention rather than a request to review the IJ's discretionary bond determination. (Doc. 14). The undersigned therefore addresses the duration-based constitutional claims first. It considers exhaustion of the distinct bond determination claim only to the extent that such a claim remains part of the Petition.

### B. Substantive Due Process

Liberally construed, Petitioner contends continued detention no longer bears a reasonable relationship to the government's regulatory interests. (Doc. 1 at 4-5). Detention during removal proceedings is not inherently punitive, but its duration and circumstances remain relevant to whether it has become excessive in relation to its purpose. *Demore v. Kim*, 538 U.S. at 527; *see also Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure."); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (civil detention in immigration proceedings is assumed to be "nonpunitive in purpose and effect").

The IJ found Petitioner to be a significant flight risk. (Doc. 10-1). That finding identifies a regulatory purpose for his continued detention: securing Petitioner's appearance in removal proceedings. Petitioner relied on his length of residence, family and community ties, and asserted lack of criminal history. (Doc. 1 at 4-5). Those circumstances are relevant to the custody determination, but they do not without more establish that detention is punitive or excessive. *See Martinez Leiva v. Becerra*, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023) ("[Petitioner's] argument that his detention has become punitive because he does not pose a flight risk or danger

… might be correct. But that is what bond hearings are for."). Moreover, § 1226(a) provides procedures through which he may challenge continued detention. *Silva Villicana v. Warden*, 2026 WL 1816155, at *5 (E.D. Cal. June 24, 2026).

On this record, Petitioner has not established that his continued detention post-June 2026 has ceased to serve a regulatory purpose or has become excessive in relation to that purpose. The undersigned therefore recommends denying the substantive due process claim.

C. Procedural Due Process

Petitioner contends that his detention has become unreasonably prolonged. Respondents maintain that procedures afforded to him satisfy due process. (Doc. 10 at 4-8).

*Rodriguez Diaz* addresses a constitutional challenge to continued detention under § 1226(a) after an initial bond hearing. Applying the factors in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Ninth Circuit held that due process did not require a second bond hearing at which the government would bear the burden of proof by clear and convincing evidence in the circumstances there. 53 F.4th at 1207-14. The court considered not only the detention's duration, but also the process already received, the additional process available, and the circumstances contributing to its length. *Id*. at 1207-10. The decision does not establish that an initial bond hearing foreclose every subsequent constitutional challenge. *Id*.

1. Private Interest

Petitioner has a substantial interest in freedom, from physical restraint. His detention since January 27, 2026, implicates that interest. The Court assumes for purposes of this order of this analysis that the detention is prolonged. Unlike a detainee who has received no individualized custody determination, however, Petitioner received a counseled bond hearing and had access to further administrative review. Those circumstances inform the assessment of the process due.

2. Risk of Error and Value of Additional Safeguards

Petitioner received an individualized bond determination and was represented by counsel. (Doc. 10-1). The record does not show that he appealed the adverse determination to the BIA. He may also request a subsequent custody redetermination upon a showing of materially changed

circumstances. 8 C.F.R. § 1009.19(e). These safeguards bear on the risk of erroneous continued detention. *Rodriguez Diaz*, 53 F.4th at 1209-13 (§ 1226(a)'s post-detention bond procedures satisfy due process both facially and as applied); *see also Jose Pablo Hernandez Cortez v. Warden, California City Immigration Processing Center*, 2026 WL 2869777, at *3 (E.D. Cal. Sept. 23, 2026).

To the extent Petitioner maintains only that the IJ should have given greater weight to the evidence supporting release, that disagreement does not itself demonstrate a defect in the procedures afforded. Petitioner has not established a material distinction between his case and *Rodriguez Diaz*. He received a custody determination. He was represented by counsel, reserved appeal, but did not exercise his right to appeal the negative bond determination to the BIA. He may also request another custody redetermination upon a showing of materially changed circumstances. Even assuming his nine-month detention is prolonged, he has not shown that these procedures are constitutionally inadequate as applied to him. *See Rodriguez Diaz*, 53 F.4th at 1213 (§ 1226(a)'s post-detention bond procedures satisfy due process both facially and as applied); *see also Jose Pablo Hernandez Cortez v. Warden, California City Immigration Processing Center*, 2026 WL 2869777, at *3 (E.D. Cal. Sept. 23, 2026).

3. Government Interests and Balance

The government has a legitimate interest in securing attendance at removal proceedings, and the IJ's flight risk determination bears on that interest. The government also has an interest in administering the existing custody-review process. These interests do not eliminate Petitioner's liberty interest, but they must be considered alongside the procedures already afforded and those still available.

Balancing these considerations, and applying *Rodriguz-Diaz* to the circumstances established here, Petitioner has not shown that due process presently requires an additional custody hearing or immediate release. This conclusion does not rest on a categorical rule that detention of a particular length is permissible, or that a bond hearing always suffices. The undersigned recommends denying the procedural due process claim on the present record.

////

D. Challenge to June 2026 Bond Hearing

Petitioner states in reply that he does not seek review of the IJ's discretionary bond determination. (Doc. 14). To the extent his Petition nevertheless presents a distinct, otherwise reviewable challenge to that determination, the claim is unexhausted.

A petitioner ordinarily must appeal an adverse bond determination to the BIA before seeking habeas review of that decision. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). If administrative remedies have not been exhausted and exhaustion is not excused, the district court ordinarily dismisses without prejudice or stays the proceedings pending exhaustion. *Id.* Although Petitioner reserved his right to appeal, the record does not show that he filed a BIA appeal. Nor does the present record establish a basis to excuse exhaustion. *See Laing v. Ashcroft,* 370 F.3d 994, 1000-01 (9th Cir. 2004) (court may waive exhaustion when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile).

Even if the Court considered Petitioner's argument that the IJ did not account for evidence supporting release, such an argument would not establish an entitlement to relief on the present record. In *Martinez v. Clark*, the Ninth Circuit held that the agency's application of the dangerousness standard to established facts presents a reviewable mixed question of law and fact, notwithstanding 8 U.S.C. § 1226(e). 124 F.4th 775, 783–85 (9th Cir. 2024). Review is for abuse of discretion, however, and does not permit the district court to reweigh the evidence or substitute its own assessment for the agency's. *Id.* at 784–85. Admittedly *Martinez* concerned dangerousness rather than flight risk. But assuming its framework applies here, Petitioner has not demonstrated an abuse of discretion on the record presented.

The IJ noted Petitioner had not established a "valid, reliable, and credible" sponsor, he entered the United States without inspection, removal relief is speculative, and evidence did not establish a stable residence or employment history. (Doc. 10-1). Petitioner does not argue that the IJ applied an incorrect burden of proof or otherwise used an erroneous legal standard. His reliance on his community and family ties and lack of criminal history identifies considerations he believes favor release, but does not, without more, establish an abuse of discretion. To the

extent that he asks the Court to assign those considerations greater weight, *Martinez* does not permit the Court to reweigh the evidence. *See* 124 F.4th at 784-85. Such arguments must be presented through the administrative appeal process. *See C.A.R.V. v. Wofford*, 2026 WL 241823, at *9 (E.D. Cal. Jan. 29, 2026) (challenges to the sufficiency of the evidence supporting the IJ's determination must be pursued through the ordinary immigration appeal process).

Accordingly, any distinct, otherwise reviewable challenge to the individual bond determination should be dismissed without prejudice for failure to exhaust administrative remedies.

Accordingly, IT IS RECOMMENDED**:**

1. Respondents' Motion to Dismiss (Doc. 10) be GRANTED in part.
2. The Petition for a Writ of Habeas Corpus (Doc. 1) be DENIED as to the substantive and procedural due process challenges to Petitioner's continued detention addressed above;
3. To the extent the Petition presents a distinct, otherwise reviewable challenge to the IJ's individual bond determination, that claim be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies; and
4. The Clerk of Court be directed to enter judgment consistent with the district judge's order and close this case.

////

////

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 9, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE